IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALVIN VALENZUELA,

      Petitioner,

v.                                                                                              No. CV 10-1127 MCA/GBW

STEVE SILVERSMITH, DEPUTY WARDEN,
McKinley County Detention Center,

      Respondent.

## ORDER

This matter is before the Court on a motion for reconsideration (*Doc. 9*) filed on December 16, 2010, by Respondent Silversmith and the Office of the Attorney General for Tohono O'odham Nation.  Movants ask the Court to reconsider its order of December 1, 2010, which substituted Respondent Silversmith as the sole Respondent in this habeas corpus proceeding under 25 U.S.C. § 1303, and to reinstate the Nation as a Respondent. Although the motion does not indicate whether Movants sought Petitioner's concurrence in the relief sought, as required by D.N.M.LR-Civ. 7.1(a), Movants correctly note that Petitioner's petition names Tohono O'odham Nation as a Respondent.

According to 28 U.S.C. §§ 2242, 2243, a petition for writ of habeas corpus must "name the person who has custody over [the petitioner]," and the Court's "writ, or order to show cause shall be directed to the person having custody of the person detained."  §§ 2242, 2243.  Furthermore, under the rule of procedure that governs a petition by a person

in custody at the time of filing a petition, "the petition must name as respondent the . . . officer who has custody."  28 U.S.C. § 2254 R. 2(a); *and cf.* 28 U.S.C. § 2254 R. 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a).").  And as the Supreme Court has stated, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."  *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

On the other hand, as stated in the Advisory Committee Notes (1976 Adoption) to rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, "the judge may require or allow the petitioner to join an additional . . . party if to do so would serve the ends of justice." Nonetheless, as ruled in a case cited by Movants, even under rule 2 the Nation would not be properly added as a respondent.  "Because a petition for a writ of habeas corpus is not properly a suit against the sovereign, the [Nation] is simply not a proper respondent."  *Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d 874, 899 (2d Cir. 1996).  As Movants note in their discussion of *Poodry*, "tribal officials alleged to have imposed [custodial] orders were properly named respondents."  Mot. 2; *and see id.*  Under the particular circumstances of this case, the Court will allow joinder as an additional Respondent of "the tribal official[] allegedly responsible for issuing the [custodial] orders in this case."  *Id.*

IT IS THEREFORE ORDERED that the motion for reconsideration (*Doc. 9*) filed on December 16, 2010, by Respondent Silversmith and the Office of the Attorney General for Tohono O'odham Nation is GRANTED in part and DENIED in part;

IT IS FURTHER ORDERED that the portion of the order (*Doc. 4*) entered on December 1, 2010, that substituted Respondent Silversmith as the sole Respondent is SET ASIDE; and, within five (5) days from entry of this Order, an appropriate tribal official may appear as an additional Respondent in this proceeding and answer Petitioner's petition.

_____
UNITED STATES MAGISTRATE JUDGE