IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALVIN VALENZUELA,

       Petitioner,

v.                               No. CV 10-1127 MCA/GBW

STEVE SILVERSMITH, DEPUTY WARDEN,
McKinley County Detention Center, and
FRANK HECHT, Corrections Administrator,
Tohono O'odham Nation

       Respondents.

## PROPOSED FINDINGS AND RECOMMENDATION ON DISPOSITION

**THIS MATTER** is before the Court on Petitioner Valenzuela's application for habeas relief (*Doc. 1*), Respondents' Answers (*Docs. 6 &16*), and Respondents' Motion to Dismiss (*Doc. 15*).  Petitioner failed to file a response to Respondents' Motion to Dismiss and the time for doing so has expired.  For the reasons described below, I recommend granting Respondents' Motion to Dismiss and dismissing Petitioner's habeas application without prejudice for failure to exhaust his tribal remedies.

## BACKGROUND

Petitioner filed his habeas application on November 23, 2010.  *Doc. 1.*  In his Petition, Mr. Valenzula alleged that he was an enrolled member of the Tohono O'odham Nation, and that he was being illegally detained at the McKinley County Adult Detention Center in Gallup, New Mexico.  *Id.* at 2-3.  Petitioner was arrested in July of 2007, on the Tohono

O'odham reservation, and was charged with eight different counts in violation of the Criminal Code of the Tohono O'odham Nation.  *Id.* at Ex. A.  On June 24, 2008, he entered into a plea agreement and pled guilty to one count of conspiracy, two counts of aggravated assault, and one count of misuse of a weapon.  *Id.* at Ex. B.  Mr. Valenzula was sentenced to a total term of 1,260 days in jail by the Tohono O'odham Judiciary Court on June 25, 2008.  *Id.* at 2, Ex. C.  In his plea agreement, Mr. Valenzula waived his right to appeal the judgment or sentence in the Tohono O'odham Judiciary Court, and none was filed.  *Doc. 1* at 2.  Petitioner then filed this federal habeas application on November 23, 2010.

Petitioner's habeas application named Steve Silversmith, the Deputy Warden at McKinley County Detention Center, along with Tohono O'odham Nation and Patricia Broken Leg-Brill, the Indian Corrections Specialist for the Bureau of Indian Affairs, as Respondents.  On December 1, 2010, the Court issued an Order substituting Respondent Silversmith as the sole named Respondent and ordered him to answer.  *Doc. 4.*  On December 16, 2010, Tohono O'odham Nation and Respondent Silversmith filed a Joint Motion for Reconsideration regarding the Court's decision to substitute Respondent Silversmith as the sole named Respondent.  *Doc. 9.*  Tohono O'odham Nation argued that they were a proper Respondent in this matter since they had actual control over Petitioner.  *Id.*  On January 4, 2011, the Court granted the Motion to Reconsider with regard to Tohono O'odham Nation and Respondent Silversmith's request to keep Tohono O'odham Nation

2

as a Respondent in this case.  *Doc. 12.*  Thus, on January 5, 2011, Frank Hecht, the

Corrections Administrator of Tohono O'odham Nation, was entered as a Respondent.  *Doc.*

*13.*

On January 5, 2011, Respondents filed an Answer, (*Doc. 16*), along with a Motion to

Dismiss, (*Doc. 15*), alleging that Petitioner had failed to exhaust his tribal remedies as

required by the doctrine of comity.  Petitioner never filed a response and on January 27,

2011, Respondents filed a notice of briefing complete regarding their Motion to Dismiss.

*Doc. 17.*

## STANDARD OF REVIEW

The Indian Civil Rights Act authorizes habeas corpus actions by any person

detained to test "the legality of his detention by order of an Indian tribe." 25 U.S.C. § 1303.

However, prior to bringing such a suit, a petitioner is required to exhaust his or her

remedies in tribal court.  The tribal exhaustion rule is a judicially created rule, and an

outgrowth of the federal government's longstanding policy of encouraging tribal

self-government.  *National Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 856

(1985); *see also Iowa Mut. Insur. Co. v. LaPlante*, 480 U.S. 9, 14 (1987); *Texaco, Inc. v. Zah*, 5 F.3d

1374, 1378 (10th Cir. 1993) (noting that "[w]hen the activity at issue arises on the

reservation, [federal] polic[y] almost always dictate[s] that the parties exhaust their tribal

remedies before resorting to a federal forum").  "Tribal courts play a vital role in tribal

self-government, and respect for that role requires, as a matter of comity, that examination of issues of tribal sovereignty and jurisdiction be conducted in the first instance by the tribal court itself." *Reservation Tel. Co-op. v. Affiliated Tribes*, 76 F.3d 181, 184 (8th Cir. 1996).

The Supreme Court has recognized exceptions to the requirement of exhaustion of tribal remedies, namely, where the assertion of tribal jurisdiction is motivated by a desire to harass or is conducted in bad faith; where the tribe's exercise of authority is patently violative of express jurisdictional prohibitions; or where exhaustion would be futile because of the lack of an adequate opportunity to challenge the tribal court's jurisdiction. *National Farmers*, 471 U.S. at 855 n. 21; *see also Burrell v. Armijo*, 456 F.3d 1159, 1168 (10th Cir. 2006). Allegations of local bias and tribal court incompetence, however, are not exceptions to the exhaustion requirement. *Iowa Mut.*, 480 U.S. at 19.

## ANALYSIS

Respondents assert that Petitioner has failed to exhaust his tribal remedies, and thus his federal habeas application should be dismissed without prejudice. *Doc. 15.* Specifically, they contend that Petitioner did not first apply for a writ of habeas corpus or seek to commute his sentence with the Tohono O'odham Court of Appeals. *Id.* at 1. The Tohono O'odham Code explicitly provides for the remedy of habeas corpus and the Tohono O'odham Constitution vests the judicial branch with the power to issue writs of habeas

corpus.  6 T.O.C. ch. 3, art. 2, r. 24; T.O. Const. art. VIII, § 10(c).[1]  In his habeas application, Petitioner asserts that he exhausted all appropriate tribal remedies because he waived his right to appeal the judgment and sentence in his plea agreement.  *Doc. 1* at 2.  However, Petitioner never responded to Respondents' assertion that he failed to first seek habeas relief in the tribal courts before filing his federal petition, as required by Supreme Court and Tenth Circuit precedent, as well as the doctrine of comity.  *National Farmers*, 471 U.S. at 856; *Texaco*, 5 F.3d at 1378.  Thus, it is uncontroverted that he has failed to seek habeas relief from the tribal court.

Petitioner has not asserted the existence of any of the recognized exceptions to the exhaustion requirement.  *See supra* at 4 *(citing National Farmers*, 471 U.S. at 855 n. 21). Therefore, there is no basis to excuse his failure to present his claim to the tribal court.

Wherefore,

**IT IS HEREBY RECOMMENDED THAT** Respondent's Motion to Dismiss (*Doc. 15*) be **GRANTED** and Petitioner's application for habeas relief be **DISMISSED** without prejudice.  In light of this recommendation, it is further recommended that Petitioner's Motion for Expedited Review of Petition (*Doc. 11*) be denied as **MOOT**.

---

[1] The Tohono O'odham Code and Constitution are found at www.tolc-nsn.org, and a copy of the relevant portions are attached to this Report and Recommendation as Attachment 1 (T.O. Code) and Attachment 2 (T.O. Constitution).

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____

UNITED STATES MAGISTRATE JUDGE