IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALVIN VALENZUELA,
*Petitioner*

vs.     No. CV-10-1127 MCA/GBW

STEVE SILVERSMITH, DEPUTY WARDEN
McKinley County Detention Center

TOHONO O'ODHAM NATION
&
PATRICIA BROKEN LEG-BRILL,
INDIAN CORRECTIONS SPECIALIST
BUREAU OF INDIAN AFFAIRS
*Respondents*

### PETITIONER VALENZUELA'S SUPPLEMENTAL BRIEF ON THE ISSUE OF MOOTNESS AND COLLATERAL CONSEQUENCES

**COMES NOW**, the Petitioner, Alvin Valenzuela, by and through his counsel of record, Barbara Creel, Supervising Attorney, and Sherrie L. Harris, Clinical Law Student, at the Southwest Indian Law Clinic, University of New Mexico School of Law Clinical Law Programs to brief the Court on the issues of mootness and collateral consequences pursuant to this Court's Order dated April 5, 2011. In support of his position, Petitioner Valenzuela provides the following:

### FACTUAL AND PROCEDURAL BACKGROUND

On November 23, 2010, Mr. Alvin Valenzuela timely filed his Petition for Writ of Habeas Corpus pursuant to 25 U.S.C. § 1303, "to test the legality of his detention by order of an Indian [T]ribe." [Doc #1]. The Petition outlines four meritorious claims. Claim I was based on an illegal sentence imposed in violation of the statutory maximum allowable for "any one offense"

under the Indian Civil Rights Act ("ICRA"). 25 U.S.C. § 1302(7) (1990). [Doc #1, p. 3]. Claim II was based on the violation of Mr. Valenzuela's right to counsel under the Indian Civil Rights Act. 25 U.S.C. § 1302(6) (1990). [Doc #1, p. 4]. Claim III was based on the violations of his Due Process Rights under the Indian Civil Rights Act, for the failure to follow tribal court procedure and the failure of the federal system to appoint counsel under the United States Constitution. 25 U.S.C. § 1302(8) (1990). [Doc #1, p. 4]. Claim IV was based on the continued incarceration in an off-reservation jail facility when the detention is illegal and contrary to the United States Constitution and the Indian Civil Rights Act. [Doc #1, p. 5].

At the time of filing, the illegal sentence claim (Claim I) was dispositive, and Mr. Valenzuela was entitled to relief. *Romero v. Goodrich*, 1:09-cv-00232. Petitioner Valenzuela had already served over three years, substantially more than the one-year maximum sentence allowed under ICRA at the time he retained counsel and filed his Petition.

At the time of filing, Petitioner Valenzuela was incarcerated at the McKinley County Jail, on off-reservation county jail in Gallup, New Mexico. Respondent Silversmith was the warden at the McKinley County Jail. The Petition named three respondents, the Warden responsible for the jail, the Tribe that issued the order, and the Bureau of Indian Affairs Correctional Specialist.[1]

On December 1, 2010, this Court, *sua sponte*, ordered the Clerk "to substitute Respondent Silversmith as the sole named Respondent in this proceeding." [Doc. #4, p.1]. The Court further directed the Clerk to "forward copies of the Petition …and [the Court's] Order to Respondent Silversmith, Patricia Broken Leg-Brill, and the Tohono O'odham Nation." [Doc. #4, p.2]. Finally, the Court Ordered that "Respondent answer Petitioner's Petition within fourteen

---

[1] As a federally recognized tribe, the Tohono O'Odham Nation is a sovereign entity separate from the state or federal government. *Santa Clara Pueblo v. Martinez* , *See* 436 U.S. 49. Each of the named respondents had a role in incarceration. The Tribe issued the sovereign order of detention; the jail housed Mr. Valenzuela pursuant to the Order; and the BIA may have a fiduciary duty in funding tribal orders of detention with off-reservation facilities.

(14) days." [Doc. #4, p.2]. On December 13, 2010, Warden Silversmith through counsel filed an Answer. [Doc. #6]. On December 16, 2010, Laura Berglan entered a Notice of Appearance [Doc. #7], to appear as counsel for the Tribe, a Motion for Pro Hac Vice [Doc. #8], and a Motion for Reconsideration. Specifically, the Motion for Reconsideration argued against this Court's order which substituted Respondent Silversmith (Warden) as the "sole named Respondent" in the proceeding. [Doc. #9].

On December 21, the Court issued an Order on Motion for Pro Hac Vice. [Doc. #10]. On December 23, Petitioner Valenzuela filed a Motion in Opposition to Reconsideration and for Expedited Review, based on the Tribe's admission to imposition of a sentence beyond the one-year statutory maximum. [Doc. # 9, p.2]. Specifically, the Tribe admitted that "Petitioner entered into a plea agreement for these crimes, in which he agreed to a sentence of 1,260 days. The proposed sentence was accepted by the Tohono O'odham Judicial Court on June 25, 2008, and Petitioner was sentenced to 1,260 days." [Doc. #9]. According to Petitioner Valenzuela, the exhibits attached to the Petition were sufficient to establish that the sentence was in excess of the statutory maximum.

The Court entered an Order on Motion for Reconsideration on January 4, 2011, which "allowed joinder as an additional Respondent of 'the tribal official[ ] allegedly responsible for issuing the [custodial] orders in this case." [Doc. # 12, p.2]. The Tribe then entered a Notice of Appearance and Response in Opposition to Motion on January 5, 2011. [Docs. # 13 and # 14]. On January 5, 2011, the Tribe also filed a Motion to Dismiss, claiming that Petitioner Valenzuela failed to exhaust his tribal remedies. [Doc. # 15]. An Answer was filed by the Tribe on January 10, 2011. [Doc. # 16].

3

The Court entered its Proposed Findings and Recommended Disposition on February 16, 2011, recommending that the Motion to Dismiss be granted based on the failure to exhaust tribal remedies. [Doc. #18]. Petitioner Valenzuela entered Objections to the Report and Recommendations, which outlined that the uncounseled plea he entered waived the right to a tribal remedy, and that since he had already served a sentence in excess of the statutory maximum, any further attempts to seek a tribal remedy would be futile. [Doc. #20]. After reviewing the record, the Court set a telephonic hearing for April 5, 2011. [Doc. # 21]. On April 5, 2011, counsel for Petitioner Valenzuela outlined that the case is justiciable, and the expiration of the sentence did not render the petition moot because he suffers direct consequences and is entitled to review of his meritorious claims. After hearing from all parties, the Court entered a briefing schedule. [Doc. #24].

### SUMMARY OF THE ARGUMENT

Mr. Valenzuela was in custody under the Tribal Court illegal conviction and sentence at the time of filing his federal habeas petition under 25 U.S.C. §1303. Thus, petitioner met the in custody requirement set forth in habeas corpus law under *Spencer v. Kemna*, 523 U.S. 1, (1998); and *Carafas v. LaVellee*. 391 U.S. 234, (1968). Importantly, despite the fact of release after serving the entire illegal tribal court sentence, a remedy still remains in that this court can review and grant relief on all the claims submitted. This Court has both the authority (under 25 U.S.C. §1303) and duty to review his Petition for Writ of Habeas Corpus as this Court is now the only Court that can now grant relief on the meritorious claims of illegal conviction and sentence, vacate the sentence and render the illegal conviction null and void, and removing it from his record.

I.  **MR. VALENZUELA'S MERITORIOUS AND TIMELY FILED PETITION FOR WRIT OF HABEAS CORPUS IS JUSTICIABLE**

   A.  **PETITIONER ALVIN C. VALENZUELA MET THE IN CUSTODY REQUIREMENT WHEN HE FILED THE PETITION FOR WRIT OF HABEAS CORPUS AND THUS IT IS NOT MOOT**

The Court has jurisdiction to review the four meritorious claims listed in the timely filed Petition in this case. "Although the issue of mootness is often mistaken for a jurisdictional question, within the context of the questions raised…jurisdiction is a matter of satisfying the statutory 'in custody' requirement, whereas mootness is a question of whether there is any relief the court can grant once it has determined that it indeed has jurisdiction." *Malloy v. Purvis*. 681 F.2d 736, C.A. Ala., (1982). The federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed. Spencer v. Kemna, 523 U.S. 1, (1998); *Carafas v. LaVellee*. 391 U.S. 234, (1968). Federal courts have jurisdiction to grant writs of habeas corpus to persons "in custody" in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). *See, Dry v. CFR Court of Indian Offenses for the Choctaw Nation*, 168 F.3d 1207, 1208, note 1, C.A.10 (Okla) 1999.[2] This case has been active since the filing of Mr. Valenzuela's Petition for a Writ of Habeas Corpus on November 23, 2010. [Docket #1] Mr. Valenzuela met this "in custody" requirement, having been incarcerated under the Tribal Court Order at the time he filed his federal petition. His incarceration was pursuant to a tribal court order, sentencing him to 1260 days confinement issued by the Tohono Nation Judiciary Court. This Court must review the claims listed in the petition.

   B.  **EXPIRATION OR COMPLETION OF THE CHALLENGED SENTENCE DOES NOT RENDER THE PETITION MOOT**

Mr. Valenzuela's petition is not moot because he has served the entirety of the illegal sentence imposed and is no longer in custody pursuant to the Tribe's judgment and sentence. Mr.

---

[2] The Court found that 28 U.S.C. § 2241 and 25 U.S.C. §1303 were the same for the purposes of determining whether a petitioner meets the "in custody" requirement.

5

Valenzuela is entitled to relief, and only this Court can grant such relief. The proper inquiry is whether he was "in custody," and whether this Court can grant relief. Having established that jurisdiction is proper upon filing, the only question is whether the expiration of the underlying illegal sentence rendered the petition moot. It does not. Under clearly established habeas law, a subsequent release does not render a properly filed petition moot. Once federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of proceedings on such application. *Carafas v. LaVallee*, 391 U.S. 234, 238, (1968).

Prior to 1968, Supreme Court decisions supported the view that when a prisoner was released from state prison after serving his full sentence, the court could not proceed to adjudicate the merits of the claim for relief because his unconditional release rendered the case moot. *Parker v. Ellis*, 362 U.S. 574, (1960). In *Parker*, the petitioner was unconditionally released before his case could be heard in court. *Id.* However, *Parker v. Ellis* was overruled by *Carafas v. LaVellee*. 391 U.S. 234, (1968). In overruling *Parker*, the United States Supreme Court held that it was "wrong in holding that even though a man be in custody when he initiates a habeas corpus proceeding, the statutory power of the federal courts to proceed to a final adjudication of his claims depends on his remaining in custody." *Carafas,* 391 U.S. 234, at 242-243. By that holding, the court departed from the requirement of a petitioner remaining in custody from the time of filing to final adjudication.

This is important here because Mr. Valenzuela should not be denied the opportunity to gain relief from the Tribe based on the expiration of the illegal sentence his Petition seeks to challenge. That proposition is counterintuitive to the purpose and spirit of the Petition for Writ of Habeas Corpus. On the contrary, Mr. Valenzuela is entitled to the great writ based on principles it embodies. *Carafas* also looks at the nature of the great writ. The nature of the writ is such that

"its province, shaped to guarantee the most fundamental of all rights, is to provide an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person." 391 U.S. at 238. Another one of the principal aims of the writ is to provide for swift judicial review of alleged unlawful restraints on liberty. *Peyton v. Rowe,* 391 U.S. 54, 63, (1968). For Petitioner Valenzuela, the application of the writ has been neither effective nor speedy. Petitioner Valenzuela has not had swift judicial review of the restraints on his liberty. Mr. Valenzuela's Petition was timely filed, and contained a prima facie showing that the sentence was in excess of the statutory maximum allowable under the Indian Civil Rights Act. [Doc. #1, Claim I]. The pleadings filed by the Tribe did not deny the 1260 day sentence, and an expedited review and ruling was, and still is warranted.

      C.     A VALID REMEDY IS AVAILABLE IN THIS COURT

General habeas statutes do not limit the relief that may be granted to discharge of the applicant from physical custody. *Carafas*, 391 U.S. at 239. Rather, it provides that the court shall…dispose of the matter as law and justice require. *Id.* Here, law and justice require a ruling in favor of Mr. Valenzuela and in favor of granting of the writ. In *Carafas,* the Court stated that "there was no need…for denying to petitioner his ultimate day in court" *Id.* A ruling would allow an opportunity for review and redress of Petitioner Valenzuela's meritorious claims.

Mr. Valenzuela has suffered and is continuing to suffer disabilities comparable to those suffered in *Carafas*, mainly because of the complexities in the law. On November 23, 2010, the time the habeas petition was filed; Mr. Valenzuela was entitled to an immediate release. On that date, the one thousand two hundred and sixty (1260) day sentence was in violation of, and in excess of, the one year statutory limit imposed by the Indian Civil Rights Act.  25 U.S.C.A §1302(7)(a).  There has not been a resolution of the case, and Mr. Valenzuela is still without

adequate relief; only this Court can review the illegal Tribal Court proceeding and grant relief from the illegal conviction and sentence.

More prejudicial is that fact that Mr. Valenzuela continues to suffer while he has a meritorious claim of illegal conviction and detention. Furthermore, *Carafas* also stood for the proposition that "petitioner should not be thwarted and required to bear the consequences of an assertedly unlawful conviction simply because the path has been so long that he has served his sentence." *Carafas,* 391 U.S. at 240. Because the illegal sentence has now expired, and the Tribe seeks to have a ruling that the Petition is moot Mr. Valenzuela will continue to bear the consequences of an unlawful conviction and sentence. A failure to review the underlying claims has the effect of denying Mr. Valenzuela's opportunity for a determination that his individual rights have been violated. In deciding whether a case is moot, "[t]he crucial question is whether granting a present determination of the issues offered…will have some effect in the real world." *Green v. Haskell County Board Of Com'rs*, 568 F.3d 784, (10th Cir. 2009.)

Granting relief on his meritorious claims will have an impact on Mr. Valenzuela. Although the sentence has expired, he seeks to have the illegal conviction and sentence vacated and set aside, so it may not be used against him in any subsequent proceedings. This Court needs to reach the merits of the petition in this case and offer guidance on the issue, which requires that an inquiry on the merits of the original petition be made. Postponement of the adjudication of such issues for years can harm both the prisoner and the prosecuting jurisdiction and lessens the probability that final disposition of the case will do substantial justice. *Peyton v. Rowe,* 391 U.S. 54, 62 (1968). Mr. Valenzuela has no other avenue or forum to seek vindication of the violation of his rights under the Indian Civil Rights Act. To deny him this opportunity portrays Habeas review of a Tribal Court conviction as extremely limited and almost hopeless to a tribal

defendant with limited access to legal resources. It undercuts the purpose of habeas review, and suggests that Tribe's who violate member's rights can escape review simply because the sentence has expired. Individuals who suffer violations of their rights at the hands of a Tribe would feel powerless in a system that in many aspects is already foreign to Native peoples.

II.   **ADDITIONALLY, MR. VALENZUELA SUFFERS DIRECT AND COLLATERAL CONSEQUENCES FROM THE UNLAWFUL CONVICTION AND IS ENTITLED TO HABEAS REVIEW AND RELIEF ON HIS MERITORIOUS CLAIMS**

Although Mr. Valenzuela has been physically released from jail due his completion of the illegal sentence, his habeas petition still would not be moot based on the direct and collateral consequences of the unlawful conviction and detention.  If a petitioner, though released from custody, faces sufficient repercussions from his allegedly unlawful punishment, the case is not moot. *Carafas v. LaVallee*, 391 U.S. 234, 239-40, (1968).

An incarcerated individual's challenge to his conviction always satisfies the case-or controversy requirement because the incarceration constitutes a concrete injury caused by the conviction and redressable by the conviction's invalidation. *Spencer v. Kemna,* 523 U.S.1, 6, (1998). However, once the sentence has expired, the petitioner must show some concrete and continuing injury, some "collateral consequence," of the conviction if the suit is to be maintained. *Id.* at 2. The Court has presumed that  in some instances, a wrongful conviction has continuing collateral consequences. *Id.*  The petitioner "must have suffered, or be threatened with, an actual injury traceable to the respondent and likely to be redressed by a favorable judicial decision. *Id.* at 7. Here, Mr. Valenzuela has suffered an actual injury, namely the continued loss of his liberty, and the loss of 2 years and nearly 6 months of his liberty than can never be restored to him. That actual injury is directly traced to the Respondent, the Tohono O'odham Nation.

9

Another collateral consequence is the possibility that any subsequent conviction may be used to impeach testimony that Mr. Valenzuela might give in a future proceeding, or the possibility that it may be used to enhance a future sentence. *Spencer v. Kemna,* 523 U.S.1, 10 (1998). It is often observed that "the possibility of a criminal defendant's suffering 'collateral legal consequences' from a sentence already served" precludes a finding of mootness. *Pennsylvania v. Mimms*, 434 U.S. 106, 108 n.3, (1977) (*per curiam*). A criminal case is moot only if it is shown that there is **no** possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction. *Sibron v. New York*, 392 U.S. 40, 57, (1968). There is no showing that Mr. Valenzuela has *no possibility* of any collateral legal consequences. In fact, he is currently suffering from collateral legal consequences. Although the circumstances seem to minimize this important fact, Mr. Valenzuela's continuing consequence is that he has served a sentence that is two years and five months in excess of the statutory limit imposed by Section 1302(7) of the Indian Civil Rights Act, and that his request for a review of the illegal sentence continues to linger without final disposition. Nothing will be able to replace the time Mr. Valenzuela has spent in illegal detention.

The Supreme Court has departed from all inquiry into the actual existence of specific collateral consequences. *Sibron v. New York*, 392 U.S. 40, 55, (1968). Furthermore, the Court has stated that "…most criminal convictions do in fact entail adverse collateral legal consequences," so even the possibility that consequences may exist is sufficient to preserve a live controversy. *Id.* Habeas corpus is not a stagnant, narrow, formalistic remedy, but rather it is a remedy that must maintain the ability to cut through barriers such as form and procedural mazes. *Hensley v. Municipal Court*, 411 U.S. 345, 350,(1973).The expiration of the illegal

sentence, and the notion to dismiss the case on those grounds continues to deprive him of the privilege to test the legality of his detention by order of an Indian tribe.

Petitioner Valenzuela anticipates that the Tribe may focus on the fact that he is in state custody on pending charges. New State charges are irrelevant to the claims that the Tribe violated Mr. Valenzuela's civil rights during the tribal criminal processes. In addition, any new charges support Mr. Valenzuela's above stated position regarding direct and collateral consequences, as there is now the possibility that he will face harsher punishment based on the tribal illegal conviction; and that he may be subject to harsher punishment based on the length of the sentence.

### III.   THE PETITION IS VALID AND JUSTICIABLE AND NOT MOOT AS TO RESPONDENT SILVERSMITH

The above relates solely to the Tribe, however, the mootness argument can be equally applied to McKinley County. Even though Petitioner Valenzuela has been released, the county remains an indispensible party. Petitioner Valenzuela objects to the dismissal of Warden Silversmith from this lawsuit and any substitution of parties on the grounds that it will impact his ability to protect and preserve his rights and hinder his ability to obtain a full and fair remedy from his invalid conviction, sentence and wrongful incarceration. Each named party played a role in the continued incarceration of Mr. Valenzuela in violation of his rights.

### CONCLUSION

Mr. Valenzuela's petition is not moot because he met the in custody requirement at the time of filing. This Court is the only Court that grant relief on the illegal conviction and sentence. The Tribe's argument that the petition has been rendered moot should be rejected. The Court should look at the circumstances of the case at the time of filing, find that Mr. Valenzuela had a prima facie showing that his sentence was illegal and excessive, and that his rights under

ICRA were violated and issue a ruling. This Court should hear evidence in an expedited hearing, provide the review to which he is entitled under Section 1303 of the Indian Civil Rights Act, and grant relief.

**WHEREFORE**, Petitioner respectfully requests that this Court order the following:

1. Find that Petitioner Alvin C. Valenzuela's meritorious claims in his Petition for Writ of Habeas Corpus are not moot.

2. Find that Petitioner Valenzuela is entitled to relief on his Claims, and grant the following relief:

    a. Find that the Tribe violated the Indian Civil Rights Act as listed in the four Claims;

    b. Find that Tribe violated 25 U.S.C. by imposing a term of imprisonment in excess of the statutory maximum;

    c. Vacate and Set Aside the illegal Conviction and Sentence

3. In the alternative, Order the Tohono O'odham Nation to produce the record from the trial court proceeding, and order an expedited evidentiary hearing on the merits of the Claims listed in the Petition

4. Any other relief that this Court deems just and proper.

Respectfully submitted this 4th day of May, 2011,

/s/ Barbara Creel                                               /s/ Sherrie L. Harris
_____          _____
Barbara Creel                                                   Sherrie L. Harris
*Attorney for Petitioner Valenzuela*                *Clinical Law Student for Petitioner*
Southwest Indian Law Clinic
University of New Mexico School of Law
MSC11 6070
1 University of New Mexico
Albuquerque, NM 87131-0001

CERTIFICATE of ELECTRONIC SERVICE

I HEREBY CERTIFY that on the 4th day of May, 2011, I filed the foregoing *Supplemental Brief on the Issues of Mootness and Collateral Consequences* electronically through the CM/ECF system which caused all parties of record to be served via e-mail.
*/s/Barbara Creel*
*Attorney for Petitioner*