IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALVIN VALENZUELA,
   Petitioner,

vs.                 No. CV-10-1127 MCA/GBW

STEVE SILVERSMITH, DEPUTY WARDEN
McKinley County Detention Center

TOHONO O'ODHAM NATION
&
PATRICIA BROKEN LEG-BRILL,
INDIAN CORRECTIONS SPECIALIST
BUREAU OF INDIAN AFFAIRS,
   Respondents.

## SILVERSMITH'S RESPONSE TO PETITIONER VALENZUELA'S SUPPLEMENTAL BRIEF ON THE ISSUE OF MOOTNESS AND COLLATERAL CONSEQUENCES

COMES NOW Respondent Steve Silversmith, by and through his counsel of record, The Brown Law Firm, LLC, by Kevin M. Brown and Joel M. Young, and in response to Valenzuela's Supplemental Brief on the Issue of Mootness and Collateral Consequences, states the following:

### INTRODUCTION

Sometime after entering into a plea agreement that was accepted by the Tohono O'odham Judiciary Court, Valenzuela was transferred to the Gallup-McKinley County Detention Center (MCDC) where he served a portion of his sentence before ultimately being released. Petition for Writ of Habeas Corpus [Doc. 1], ¶¶ 1-9. Valenzuela prays for three kinds of relief that might conceivably be construed as implicating Silversmith: (1) that this Court find Petitioner's 1260-day sentence to be "illegal and in violation of the Indian Civil Rights Act", Petition [Doc. 1], p. 5; (2) that Silversmith release Petitioner from custody, *Id*.; and more remotely (3) that this Court "Vacate and Set Aside the illegal Conviction and Sentence." Supplemental Brief on the Issue of Mootness and Collateral Consequences [Doc. 26], p. 12. However, because Silversmith is no longer a custodian of Valenzuela, the second request is unquestionably moot. Granting the first and third

requests would require an order directed to the Tribal Court; thus, any such order would constitute purely declaratory relief as to Silversmith, which is not available under the Indian Civil Rights Act, 25 U.S.C. §§ 1301, et seq. ("ICRA"). Finally, Valenzuela is barred from filing a Section 1983 action for money damages alleging deprivation of his constitutional rights under color of tribal law.

Because Valenzuela does not request any form of relief that may be redressed by this Court through a writ of habeas corpus directed at Silversmith, the Petition is entirely moot as to Silversmith, who is not a proper party-respondent and should be dismissed from this action.

## STANDARD OF REVIEW

A district court may exercise its broad authority in habeas cases to grant any relief it deems necessary, including the permanent discharge of a successful habeas petitioner. *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)). A reviewing court will not disturb the district court's decision absent an abuse of discretion. *See Osborn v. Shillinger*, 861 F.2d 612, 630 (10th Cir. 1988).

## ARGUMENT

1. **The Petition is moot as to Silversmith, because the only requested relief pertaining to him that is available under the ICRA is a writ commanding Valenzuela's release from the McKinley County Detention Center, which has already occurred.**

The Tenth Circuit has repeatedly emphasized that the sole remedy which Congress authorized in the ICRA is a writ of habeas corpus to test the legality of a petitioner's detention by order of an Indian tribe. *See e.g., Ute Distribution Corp. v. Ute Indian Tribe*, 149 F.3d 1260, 1264 (10th Cir. 1998) (citing 25 U.S.C. § 1303); *White v. Pueblo of San Juan*, 728 F.2d 1307, 1311 (10th Cir. 1984). Once a convict's sentence has expired, a concrete and continuing injury resulting from the conviction must exist if the suit is to be maintained. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The court presumes that a wrongful conviction placing a plaintiff in custody has continuing collateral consequences for purposes of its mootness inquiry. *Id.* at 8; *United States v. Meyers*, 200 F.3d 715, 718

(10th Cir. 2000). However, the appellant "bears the burden of demonstrating the existence of sufficient collateral consequences to save the action from mootness." *Meyers*, 200 F.3d at 722.

Silversmith concedes that, for the limited purpose of this Court's mootness inquiry, there could be future consequences of Valenzuela's conviction, to the extent that provisions of New Mexico state law may operate in a fashion similar to New York state law discussed in *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968) (petitioner could not engage in certain businesses, serve as an official of a labor union, vote in a state election, or serve as a juror). However, any such consequences would flow from the conviction itself and not from Valenzuela's temporary incarceration at MCDC for a portion of his sentence, the justness and duration of which were determined by the Tribal Court.

More importantly, even if this Court were to find that sufficient consequences flowed from Valenzuela's temporary incarceration at MCDC to satisfy the mootness inquiry as to Silversmith, the Petition prays for specific forms of relief that cannot be redressed through a writ of habeas corpus directed at Silversmith. Specifically, Valenzuela prays in his Petition that the Court:

> (1) *Find* that the conviction is in violation of the Indian Civil Rights Act, and *vacate* the wrongful conviction;
>
> (2) *find* the 1260 day sentence illegal and in violation of the Indian Civil Rights Act, and *vacate* the sentence;
>
> (3) *issue* a Writ of Habeas Corpus commanding Respondents to *release* Mr. Valenzuela from their custody immediately.

Petition [Doc. 1], p. 5 (emphasis added). However, a writ addressing requests (1) and (2) would have to be directed at the Tribal Court which convicted and sentenced Valenzuela, and request (3) is unquestionably moot as to Silversmith, as Valenzuela is no longer in his custody.

Similarly, while the Supplemental Brief claims that "the county remains an indispensible party" to this action, Valenzuela in that document does not pray for *any* specific relief that might inform a writ directed at Silversmith. Instead, Valenzuela prays that this Court:

3

(1) *Find* that Petitioner Alvin C. Valenzuela's meritorious claims in his Petition for Writ of Habeas Corpus are not moot.

(2) *Find* that Petitioner Valenzuela is entitled to relief on his Claims, and grant the following relief:

    a. *Find that the Tribe* violated the Indian Civil Rights Act as listed in the four Claims;

    b. *Find that [the] Tribe* violated 25 U.S.C. by imposing a term of imprisonment in excess of the statutory maximum;

    c. *Vacate and Set Aside* the illegal Conviction and Sentence.

(3) In the alternative, *Order the Tohono O'odham Nation* to produce the record from the trial court proceeding, and order an expedited evidentiary hearing on the merits of the Claims listed in the Petition.

Supplemental Brief [Doc. 26], p. 12 (emphasis added).

Silversmith concedes that "physical custody is no longer an adequate proxy for identifying all circumstances in which federal adjudication is necessary to guard against governmental abuse in the imposition of severe restraints on individual liberty." *Poodry*, 85 F.3d at 89 (quoting *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973) (internal quotation marks omitted). However, apart from the Tribal Court—which accepted Valenzuela's plea agreement, then convicted and sentenced him—the only proper party-respondent to a writ of habeas corpus is a person with the ability to produce Valenzuela's body. *See Galaviz-Medina v. Wooten*, 27 F.3d 487, 494 (10th Cir. 1994). Although designation of the wrong defendant does not necessarily affect the Court's jurisdiction, *Montez v. McKinna*, 208 F.3d 862, 864 n. 1 (10th Cir. 2000), the court should only allow additional or substituted parties to a writ of habeas corpus if doing so would serve the ends of justice. *See* Rules Governing 28 U.S.C.§ 2254, Rule 2, advisory committee comments.

Keeping Silversmith a party to this action would not serve the ends of justice, for he does not possess either of those things that the court requires when identifying a proper party-respondent to a petition for a writ of habeas corpus under the ICRA: namely, an individual "who has *both* an

4

interest in opposing the petition if it lacks merit, *and* the power to give the petitioner what he seeks if the petition has merit—namely, his unconditional freedom." *Poodry*, 85 F.3d at 899 (emphasis added) (citing to *Reimnitz v. State's Attorney of Cook County*, 761 F.2d 405, 408-09 (7th Cir. 1985)). Valenzuela is no longer being held at MCDC, and Silversmith is no longer responsible for supervising him, or for assuring that his behavior conforms to any restraints on his liberty that might render him 'in custody' for purposes of the mootness inquiry.[1] Silversmith did not enter the order of conviction or determine the duration of Valenzuela's sentence; the Tribal Court did those things. Silversmith obviously lacks the power to vacate the conviction and sentence. Thus, as to the legality of the Tribal Court's actions, Silversmith lacks an interest in opposing the Petition regardless of its merit. Moreover, the court's criteria for identifying a proper party-respondent are not disjunctive. The only relief requested that ever involved Silversmith's power to give Valenzuela what he seeks, is the prayer to immediately release Valenzuela from MCDC—but that has already occurred. Silversmith is not a proper party-respondent to this action, and he should be dismissed.

2. **The Petition is moot as to Silversmith, because money damages and declaratory relief are not available under ICRA, and Valenzuela cannot maintain an action under 42 U.S.C. 1983 for deprivation of his constitutional rights under color of tribal law.**

The Supreme Court has noted that Congress passed Title I of the ICRA specifically "to modify the effect of *Talton* and its progeny by imposing certain restrictions upon tribal governments *similar, but not identical, to* those contained in the Bill of Rights and the Fourteenth Amendment" to the U.S. Constitution. *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 57-58 (1978) (emphasis added) (referring to *Talton v. Mayes*, 163 U.S. 376 (1896)). Perhaps the most cogent analysis of the important differences—and the corresponding limitations on the relief available through a habeas writ issued

---

[1] Post-conviction and/or post-sentence circumstances may, or may not be sufficient for purposes of the court's inquiry. *See e.g., Triplet v. Franklin*, 365 Fed. Appx. 86 (10th Cir. 2010) (petitioner who had yet to serve two concurrent, ten-year sentences ordered to run consecutive to the concurrent series containing the attempted escape sentence was "in custody" on the attempted escape conviction when he filed his petition even though he had already served the sentence); *cf. U.S. v. Hernandez-Baide*, 146 Fed. Appx. 302 (10th Cir. 2005) (petitioner who had served sentence, been deported, and barred for life from reentry, was not subject to collateral consequences sufficient to save appeal from mootness by reason of term of supervised release).

under the ICRA—is the Second Circuit's exhaustive discussion in *Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d 874, 894 (2nd Cir. 1996). In that opinion, Judge José A. Cabranes noted that among

> the most notable distinctions between Section 1302 and cognate U.S. Constitutional provisions, are the absence in the ICRA of a clause prohibiting the establishment of religion; the omission of a right to the assistance of counsel for the indigent accused; the absence of a right to a jury trial in civil cases; and the specific limitations on terms of imprisonment and fines.

*Poodry*, 85 F.3d at 882. For similar reasons, the Supreme Court has emphasized that, in passing the ICRA, Congress was intent on "not exposing tribal officials to the full array of federal remedies available to redress actions of federal and state officials." *Santa Clara Pueblo*, 436 U.S. at 71.

Accordingly, a writ of habeas corpus is not the appropriate cause of action to challenge a prisoner's conditions of confinement, to obtain money damages, or to seek declaratory and injunctive relief. *Kaw Nation ex rel. McCauley v. Lujan*, 378 F.3d 1139, 1142 (10th Cir. 2004) (citing to *Santa Clara Pueblo*, 436 U.S. at 69-70 (relief under ICRA limited to writ of habeas corpus)). To the extent that Valenzuela intends the findings he requests (enumerated *supra*) to be directed at Silversmith—who is no longer his custodian—they would amount to declaratory relief, which is plainly not available under the ICRA.

Nevertheless, Valenzuela insists that "a remedy still remains in that this court can review and grant relief on *all* the claims submitted." Supplemental Brief [Doc. 26], p. 4 (emphasis added). Among those claims is Valenzuela's allegation that his temporary incarceration at MCDC, "whether or not in violation of the ICRA violates his right to due process and his right to a fair hearing." Petition [Doc. 1], p. 5. However, the Tenth Circuit has foreclosed an action against Silversmith for alleged violation of Valenzuela's constitutional rights under color of tribal law:

> [N]o action under 42 U.S.C. sec. 1983 can be maintained in federal court for persons alleging deprivation of constitutional rights under color of tribal law.... As the purpose of 42 U.S.C. sec. 1983 is to enforce the provisions of the fourteenth amendment, it follows that actions taken under color of tribal law are beyond the reach of sec.

6

> 1983, and may only be examined in federal court under the provisions of the Indian Civil Rights Act.

*Sulcer v. Davis*, 986 F.2d 1429 (10th Cir. 1993) (quoting *R.J. Williams Co. v. Fort Belknap Hous. Auth.*, 719 F.2d 979, 982 (9th Cir. 1983) (citations omitted), cert. denied, 472 U.S. 1016 (1985)).

The court has left no doubt that Valenzuela is only entitled to the limited relief available through a writ of habeas corpus issuing under ICRA. With that instrument, Valenzuela may test the legality of his conviction and detention by order of the Tribal Court. However, as to Silversmith, Valenzuela may not use a writ issued under the ICRA to: (1) obtain money damages; (2) seek declaratory relief; (3) command his release from a custodian who no longer holds him or supervises his custody; or (4) prosecute an action under 42 U.S.C. sec. 1983 alleging deprivation of his constitutional rights under color of tribal law.

## CONCLUSION

The Petition is entirely moot as to Silversmith, who is no longer Valenzuela's custodian. The Petition does not seek any form of relief that this Court may redress through a writ of habeas corpus directed at Silversmith.

WHEREFORE, Silversmith prays that this Court dismiss him from this action, for the costs incurred in his defense, and for any other such relief as the Court may deem necessary and just.

Respectfully submitted:

*Brown Law Firm*

/s/ *Joel M. Young*   05/25/11
JOEL M. YOUNG
Attorney for Steve Silversmith
2901 Juan Tabo NE, Suite 208
Albuquerque, New Mexico 87112
(505) 292-9677

  I HEREBY CERTIFY that on the 25st day of May, 2011, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

  Barbara Creel
  creel@law.umn.edu

/s/ Joel M. Young
Joel M. Young