IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALVIN VALENZUELA,

       Petitioner,

v.                                                                              No. CV 10-1127 MCA/GBW

STEVE SILVERSMITH, DEPUTY WARDEN,
McKinley County Detention Center, and
FRANK HECHT, Corrections Administrator,
Tohono O'odham Nation,

       Respondents.

**PETITIONER VALENZUELA'S REPLY TO RESPONDENT SILVERSMITH'S
RESPONSE ON THE ISSUE OF MOOTNESS AND COLLATERAL CONSEQUENCES**

      Pursuant to this Court's Order on June 10, 2011 (*Doc.* 31), the Petitioner, Alvin Valenzuela, through his Attorneys, Barbara L. Creel, Supervising Attorney, and Daniel B. Snyder, Clinical Law Student, of the Southwest Indian Law Clinic, University of New Mexico School of Law Clinical Law Programs appearing pursuant to D.N.M.LR-Civ. 83.11, submit this Reply brief to Respondent Silversmith's Response to Petitioner Valenzuela's Supplemental Brief on the Issue of Mootness and Collateral Consequences filed on May 25, 2011 (*Doc. 27*).

      This Court should find that Petitioner Valenzuela's meritorious claims are not moot in general, and not moot as to either Respondent, specifically. This case is not moot and collateral consequences do exist for the following reasons:

## **RELEVANT HISTORY**

Based on the release of Mr. Valenzuela, this Court Ordered a Briefing Schedule on April 05, 2011, as to "the issue of whether Petitioner's claims are rendered moot as to Respondent Silversmith (the Warden), and separately, as to Respondent Hecht (the Tribe)," setting forth deadlines for the pleadings. *Doc. 24*. This Court Ordered Mr. Valenzuela to file a brief within thirty (30) days of this Order, due on or before May 5, 2011. *Id.* Respondents were to file responses thirty (30) days following the date Petitioner Valenzuela files a brief. *Id*. No date for a Reply Brief was set in the Order.

In accordance with the briefing schedule, Mr. Valenzuela timely filed his Supplemental Brief on the Issue of Mootness and Collateral Consequences on May 04, 2011. *Doc. 26*. Respondent Silversmith filed a timely Response on May 25, 2011, and Respondent Hecht filed a timely Response on June 02, 2011. *Docs. 27 & 28*, respectively.

Mr. Valenzuela requested Leave to Reply on June 09, 2011, because a Reply was not ordered on the Briefing Schedule. *Doc. 30*. This Court granted Leave to Reply on June 10, 2011, with the Replies due no later than June 24, 2011. *Doc. 31*. Mr. Valenzuela's Reply to Respondent Silversmith follows.

## SUMMARY OF ARGUMENT

Mr. Valenzuela's claims are not moot in general, and also not moot as to Respondent Silversmith merely because his release from custody occurred before this Court could rule on his meritorious petition alleging a conviction, sentence and detainment in violation of the Constitution and laws of the United States. Jurisdiction attached in this case when Mr. Valenzuela timely filed his Section 1303 Petition while "in custody" and by naming his "immediate custodian" as a respondent. Jurisdiction is only defeated in mootness when there is no longer a case or controversy. Because collateral consequences are presumed when a petitioner claims that his conviction is invalid in violation of the Constitution and laws of the United States then there remains a "case or controversy" for this Court to decide. The remedies available to courts hearing habeas petitions are broad and can be used as the law and justice require. In cases where inmates are released from custody before a court can finally decide their claims the remedies remain the same as available at the time the inmate timely filed his habeas petition. Respondent Silversmith's arguments pertaining to the availability of future claims under 42 U.S.C. § 1983 are irrelevant to the justiciability of Mr. Valenzuela's 1303 Petition, and under Tenth Circuit law, costs for his defense are not available in habeas proceedings.

## **DISCUSSION**

I. **UNDER WELL-SETTLED PRINCIPLES ON MOOTNESS AND COLLATERAL CONSEQUENCES SET FORTH BY THE SUPREME COURT, MR. VALENZUELA'S PETITION IS NOT MOOTED BY COMPLETION OF HIS SENTENCE AND CANNOT BE MOOTED AS TO THE WARDEN ALONE.**

Warden Silversmith's contention that the Petition is mooted as to him is completely without merit or support in the relevant case law.[1] It is a well-settled principle of Supreme Court habeas law that, "once the federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of proceedings on such application." *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). In this case, jurisdiction attached upon Mr. Valenzuela's timely filing on November 23, 2010, and naming his "immediate custodian" as a respondent, as required by *Rumsfeld v. Padilla*, 542 U.S. 426, 434-436 (2004); *See also* 28 U.S.C. § 2242 ("shall allege . . . the name of the person who has custody over him"); 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). This means that Mr. Valenzuela's Petition filed pursuant to 25 U.S.C. §1303 was not mooted by completion of his illegal 1,260 day sentence imposed by the Tribe, because jurisdiction had already attached. Once jurisdiction is properly established, the next question is whether the case is justiciable, meaning whether there is a case and controversy for which this court can fashion a remedy or redress. As set forth in Part I-B below, there is a live case and controversy, collateral consequences, and a remedy is available.

Before we can reach the case and controversy, it is important to dispose of the Warden's argument that the petition "is unquestionably moot as to Silversmith, as [Mr.] Valenzuela is no

---

[1] Although the general habeas law may not be controlling, as it may not apply to Indian Habeas under 1303, it is instructive. The 10th Circuit has found that the "in-custody" requirements are the same under 28 U.S.C. § 2241 and 25 U.S.C. § 1303. *See Dry v. CFR Court of Indian Offenses for the Choctaw Nation*, 168 F.3d 1207, 1208, note 1, C.A.10 (Okla) 1999. Additionally, because 25 U.S.C. § 1303 provides a remedy to tribal defendants and jurisdiction to federal courts, the powers to grant writs of habeas corpus and the authoritative law that enables that power remains unfettered unless explicitly limited by Congress. Congress has not limited the judicial power to grant writs of habeas corpus under 25 U.S.C. § 1303 and therefore, the general habeas law should be applied.

longer in his custody." *Doc. 27* at 3. To the extent that the Warden is arguing the case is moot because he was not a proper party or no longer remains a proper party, the case law rejects and logic defies this position.

### A. AS THE "IMMEDIATE CUSTODIAN" RESPONDENT SILVERSMITH WAS THE PROPER RESPONDENT AT THE TIME OF FILING, AND REMAINS A PROPER PARTY SO LONG AS THE CASE IS NOT MOOT AND FULLY JUSTICIABLE.

As set forth above, the individual who has immediate custody of the inmate-Petitioner at the time of filing is a proper respondent to a Habeas petition. *Rumsfeld*, 542 U.S. at 534-36. The Warden's entire argument in Part 1 of his Response contradicts this basic principle without any reference to it. Warden Silversmith provides no legal authority in which the "immediate custodian" is no longer a proper respondent where the inmate is released before final disposition of their claims of an invalid conviction. Instead, the Warden argues that the only requested relief in Mr. Valenzuela's Petition pertaining to him "is a writ commanding Valenzuela's release from the McKinley County Detention Center, which has already occurred." *Doc. 27* at 2. This bold assertion that he is no longer a proper party is contradictory to the fundamental purpose underlying the immediate custodian rule for the writ of habeas corpus as well as the recognition of collateral consequences stemming from convictions in violation of the Constitution, laws, and treaties of the United States. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *Sibron v. New York*, 392 U.S. 40 (1968). To the extent that the Warden is arguing that there is no longer a remedy that this court can address directly to him, that argument should be rejected.

Another untenable contention by Warden Silversmith is that the case is moot as to his involvement because he "obviously lacks the power to vacate the conviction and sentence." *Doc. 27* at 5. Of course the Warden lacks the power to vacate the conviction and sentence, as do all "immediate custodians" named as the proper respondent in every habeas petition. If Warden

5

Silversmith is not the proper respondent in this case then neither are any of the "immediate custodians" named in every habeas petition.

### B.  COLLATERAL CONSEQUENCES ARE PRESUMED IN THIS CASE

Given that Mr. Valenzuela has met the "in-custody" requirement, and rightfully named Respondent Silversmith as the "immediate custodian", the only way his release from custody causes his Petition to become moot is if the Petition "no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemma*, 523 U.S. 1, 7 (1998). This is not the case here. In fact, because he is challenging his underlying conviction and sentence, collateral consequences are presumed. *Sibron*, 392 U.S. at 55; *Spencer*, 523 U.S. at 12; *United States v. Meyers*, 200 F.3d 715, 718 (10th Cir. 2000); *United States v. Hensel*, No. 09-2283, 377 Fed. Appx. 748, 750 (10th Cir. May 3, 2010) (unpublished).

Warden Silversmith rightfully concedes the existence of collateral consequences flowing from Mr. Valenzuela's convictions (*Doc. 27* at 3), but only after erroneously setting out that Mr. Valenzuela has the burden of demonstrating the existence of sufficient collateral consequences to save the action from mootness, citing *Meyers,* 200 F.3d at 722. *Doc. 27* at 3. The Warden's reliance on *Meyers*, a parole case, is misplaced. First it is important to note that, the inquiry into the existence of collateral consequences begins with the understanding that **mootness is only available when there are no collateral consequences**. *Sibron v. New York*, 392 U.S. 40, 57 (1968); *Doc. 26* at 10.

Second, it is vital to the understanding of the complex collateral consequences doctrine set forth by the Supreme Court that there are differences between habeas petitioners challenging their underlying conviction or sentence and petitioners challenging parole revocation. Through *Carafas, Sibron, Lane and Spencer*, the mootness doctrine has evolved. The latter two cases

involved petitioners contending the constitutionality of parole revocations and not the legality of their original conviction and sentence already served. *Spencer*, 523 U.S. at 12 (declining to extend from *Sibron* the **presumption of collateral consequences** resulting from an invalid conviction to parole revocations) (emphasis added).

Thus, Warden Silversmith's use of *Meyers* to stand for the proposition that Mr. Valenzuela has the burden to demonstrate collateral consequences is not accurate. That rule is only applicable to cases analogous to *Spencer* where petitioners are challenging something other than an invalid conviction. A complete reading of *Meyers* reveals that the Tenth Circuit was adopting the *Spencer* declination of presumed collateral consequences in cases where inmates challenge their parole revocation (not the original conviction and sentence). *Meyers*, 200 F.3d at 719 ("**Thus, the Court held that when a defendant challenges a parole revocation but has completed the sentence imposed upon revocation, the** defendant bears the burden of demonstrating the existence of actual collateral consequences resulting from the revocation.") (emphasis added).

The *Spencer* and *Meyers* reasoning is only applicable when inmates are challenging something other than the invalidity of their convictions, and *Carafas* and *Sibron* show that collateral consequences resulting from invalid convictions are presumed present. *Spencer*, 523 U.S. at 12. Mr. Valenzuela is challenging the validity of his convictions and collateral consequences should be presumed present from these invalid convictions, thereby barring any consideration of Mr. Valenzuela's claims becoming moot.

**II.   THE PETITION PRESENTS JUSTICIABLE CLAIMS PROPERLY BROUGHT, AND REMEDIES EXISTS AS THIS COURT HAS THE BROAD POWER TO GRANT RELIEF "AS LAW AND JUSTICE REQUIRE."**

Respondent Silversmith correctly concedes that physical custody is unnecessary for Mr. Valenzuela to maintain a justiciable question before this Court. *Doc. 27* at 4. In its overruling of *Parker v. Ellis*, 362 U.S. 574 (1960), the Supreme Court adopted the reasoning in the dissenting opinions of Chief Justice Warren and Justice Douglas. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) ("For the reasons which we here summarize and which are stated at length in the dissenting opinions in *Parker v. Ellis*, we conclude . . . "). In searching for the appropriate remedy for inmates in the peculiar position of being released from prison while their habeas proceedings had not yet finalized, Chief Justice Warren evaluated the mootness doctrine and its relation to the case or controversy requirement by stating that "there is an important public interest involved in declaring the invalidity of a conviction in violation of the Constitution, and under the Court's decisions, this is a consideration relevant to the mootness question." *Parker*, 362 U.S. at 594 (Warren, C.J., dissenting). Indeed, there is a public and legal interest in declaring the invalidity of Mr. Valenzuela's convictions and illegal custody under Respondent Silversmith's supervision.

As provided in Petitioner's supplemental brief, the important and unique interests of justice in this case must be considered:

> Mr. Valenzuela has no other avenue or forum to seek vindication of the violation of his rights under the Indian Civil Rights Act. To deny him this opportunity portrays Habeas review of a Tribal Court conviction as extremely limited and almost hopeless to a tribal defendant with limited access to legal resources. It undercuts the purpose of habeas review, and suggests that Tribe's who violate member's rights can escape review simply because the sentence has expired. Individuals who suffer violations of their rights at the hands of a Tribe would feel powerless in a system that in many aspects is already foreign to Native peoples.

*Doc. 26* at 9-10. In addition to the above, it would trample constitutional ideals to allow detention centers under State or Federal control, such as the McKinley County Detention Center under Respondent Silversmith's leadership, to continue detaining tribal defendants under tribal court sentences that either do not comport with or are in clear violation of federal law and Constitutional guarantees. Judicial review of Mr. Valenzuela's meritorious claims encompasses even greater interests of justice than whether Respondent Silversmith can still turn a key to release Mr. Valenzuela from custody. The fact that the warden can no longer turn the key does not let him off the hook or render the case without a remedy as to any party.

The remedy in cases such as Mr. Valenzuela's can best be summarized by Justice Douglas, in that the only remedy to be applied is the same as when jurisdiction attached. *Parker*, 362 U.S. at 598 (Douglas, J., dissenting) ("Any judgment nunc pro tunc indulges in a fiction. But it is a useful one, advancing the ends of justice. . . . We treat the habeas corpus petition as the facts were when the issue was drawn and enter judgment nunc pro tunc 'as of that day.' "). This Court has the power to enter judgment as Mr. Valenzuela requested on November 23, 2010, and a decision is necessary on the merits to advance the ends of justice. This may include orders or remedy directed at the Tribe or the Warden.

**III. RESPONDENT SILVERSMITH'S ARGUMENTS PERTAINING TO THE AVAILABILITY OF FUTURE CLAIMS UNDER 42 U.S.C. § 1983 ARE IRRELEVANT TO THE JUSTICIABILITY OF MR. VALENZUELA'S 1303 PETITION.**

Mr. Valenzuela properly filed a 1303 Petition seeking review of the Tribe's conviction and sentence and the Warden's unlawful detention. Mr. Valenzuela's Petition did not request damages because a habeas claim is not the appropriate avenue. Presently, Mr. Valenzuela has not filed a Section 1983 claim. Therefore, Mr. Valenzuela does not choose to use this forum to respond to Respondent Silversmith's arguments pertaining to Section 1983 claims. What Mr.

Valenzuela chooses to do with a determination of an illegal conviction, sentence and detainment is not before this Court to determine. It is up to this Court to provide a review and judgment for Mr. Valenzuela's meritorious claims that were outlined in his Section 1303 Petition.

Likewise, Respondent Silversmith's prayer for the award of costs associated with his defense in a habeas proceeding is unfounded, and should be rejected. *Rutledge v. Sunderland*, 671 F.2d 377, 382 (10th Cir. 1982). Such a request for costs is not supported by current Tenth Circuit law.

**WHEREFORE**, Petitioner, Alvin Valenzuela, respectfully requests for this Court to:

1. Find that Petitioner Alvin C. Valenzuela's meritorious claims in his Petition for Writ of Habeas Corpus are not moot in general, and also not moot as to Respondent Silversmith, specifically.

2. Find that Petitioner Valenzuela is entitled to relief on his Claims, and grant the relief requested in his 1303 Petition and subsequent briefing.

3. In the alternative, should the Court determine that it does not have sufficient information to rule on the Claims presented in the 1303 Petition, it should (a) Grant Review of the Petition; (b) Order the Tohono O'odham Nation to produce the record from the trial court proceeding, and; (c) order an expedited evidentiary hearing on the merits of the Claims listed in the Petition.

4. Deny Respondent Silversmith's prayer for a reward of costs associated with his defense in this habeas proceeding.

5. Any other relief that this Court deems just and proper.

Respectfully submitted this 24th day of June, 2011.

/s/ Barbara Creel
*Attorney for Petitioner*
UNM Clinical Law Programs
University of New Mexico School of Law
MSC11-6070
1 University of New Mexico
Albuquerque, NM 87131-0001
Telephone: (505) 277-5265
Facsimile: (505) 277-2371
creel@law.unm.edu

/s/Daniel Snyder
*Clinical Law Student for Petitioner*

I HEREBY CERTIFY that
on the 24th day of June, 2011,
I filed the foregoing electronically
through the CM/ECF system which caused
all parties of record to be served via e-mail.
/s/Barbara Creel
*Attorney for Petitioner*

11