**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ALVIN VALENZUELA,

      Petitioner,

      v.                               No. CV 10-1127 MCA/GBW

STEVE SILVERSMITH et al.,

      Respondents.

**ORDER OVERRULING OBJECTIONS AND ADOPTING AMENDED**
**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter is before the Court upon review of the Magistrate Judge's Amended

Proposed Findings and Recommended Disposition ("APFRD"), and Petitioner's Objections

to the same. *Docs. 36, 39.* As required by 28 U.S.C. § 636(b)(1)(B), those portions of the

APFRD to which there are objections are reviewed *de novo. See Garcia v. City of Albuquerque,*

232 F.3d 760, 766-67 (10th Cir. 2000). After that review, the Court agrees that with the

recommendation that the Petition be dismissed for failure to exhaust tribal remedies and

on mootness grounds. Therefore, Petitioner's Objections are overruled and the Petition is

dismissed with prejudice.

**PROCEDURAL POSTURE**

Petitioner, a member of the Tohono O'odham Nation, was arrested on July 27,

2007, within the Tohono O'odham Reservation. *Doc. 1.* Petitioner was charged with

1

eight violations of the Tribe's Criminal Code.  *Id.*  On June 24, 2008, Petitioner, without

counsel, pleaded guilty to one count of Conspiracy, two counts of Aggravated Assault,

and one count of misuse of a weapon.  *Id.*, Att. 4.  Still acting *pro se*, Petitioner was given

varied, consecutive sentences totaling 1,260 days of incarceration.[1]  *Id.*, Att. 4.  The plea

included an express waiver of Petitioner's direct appeal rights and he did not file such

an appeal.  *Id.*, Att. 4 at 2.

On November 23, 2010, Petitioner filed his instant petition with this Court based

upon his alleged illegal detention in McKinley County Adult Detention Center in

Gallup, New Mexico.  *Doc. 1.*  Initially, Respondents filed a Motion to Dismiss citing

Petitioner's failure to exhaust tribal remedies before bringing this action.  *Doc. 15.*  On

February 16, 2010, Magistrate Judge Wormuth filed his first Proposed Findings and

Recommended Disposition ("PFRD") recommending dismissal of the petition for

failure to exhaust tribal remedies.  *Doc. 18.*  Petitioner filed his objections to the PFRD on

March 31, 2011, arguing that exhaustion was not required and, if it were, circumstances

supporting excusing the requirement.  *Doc. 20* at 2-3, 5-6 [hereinafter "First Objections"].

While the ruling on the PFRD and the First Objections was pending, Petitioner

was released from custody on the tribal sentence he was attacking.  *Doc. 22.*  Based upon

that development, the parties were ordered to brief the issue of mootness.  *Doc. 24.*

---

[1]   The sentence incorporated individual sentences for the following: (1) Conspiracy
- 180 days; (2) Aggravated Assault - 360 days; (3) Aggravated Assault - 360 days; and (4)
Misuse of a Weapon - 360 days.  *Id.*, Att. 4 at 1-2.

Briefing of that matter was completed by June 24, 2011.  *See docs. 26, 27, 28, 32, 33*.  In addition, the Magistrate Judge held a hearing and permitted oral argument on the matter.  *Doc. 35*.

On September 1, 2011, the Magistrate Judge issued his Amended Proposed Findings and Recommended Disposition ("APFRD").  *Doc. 36*.  The APFRD recommended overruling each of the First Objections on exhaustion and recommended that the Petition be dismissed on the independent ground of mootness.  *Id.*  Petitioner filed his objections to the APFRD on September 21, 2011.  *Doc. 39* (hereinafter "Second Objections").

## EXHAUSTION

1.     *Law on Exhaustion under Indian Civil Rights Act*

The Indian Civil Rights Act ("ICRA") authorizes the filing of petitions for the writ of habeas corpus by any person detained to test "the legality of his detention by order of an Indian tribe."  25 U.S.C. § 1303 (2006).  Nevertheless, prior to filing such a suit, a petitioner is required to exhaust his or her remedies in tribal court.  The tribal exhaustion rule is a judicially created rule, and an outgrowth of the federal government's longstanding policy of encouraging tribal self-government.  *National Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 856 (1985); *see also Iowa Mut. Insur. Co. v. LaPlante*, 480 U.S. 9, 14 (1987); *Texaco, Inc. v. Zah*, 5 F.3d 1374, 1378 (10th Cir. 1993) (noting that "[w]hen the activity at issue arises on the reservation, [federal] polic[y] almost always dictate[s] that the parties

3

exhaust their tribal remedies before resorting to a federal forum"). "Tribal courts play a vital role in tribal self-government, and respect for that role requires, as a matter of *comity*, that examination of issues of tribal sovereignty and jurisdiction be conducted in the first instance by the tribal court itself." *Reservation Tel. Co-op. v. Affiliated Tribes*, 76 F.3d 181, 184 (8th Cir. 1996) (emphasis added).

The Supreme Court has recognized exceptions to the requirement of exhaustion of tribal remedies, namely, where the assertion of tribal jurisdiction is motivated by a desire to harass or is conducted in bad faith; where the tribe's exercise of authority is patently violative of express jurisdictional prohibitions; or where exhaustion would be futile because of the lack of an adequate opportunity to challenge the tribal court's jurisdiction. *National Farmers*, 471 U.S. at 857 n.21; *see also Burrell v. Armijo*, 456 F.3d 1159, 1168 (10th Cir. 2006). Allegations of local bias and tribal court incompetence, however, are not exceptions to the exhaustion requirement. *Iowa Mut.*, 480 U.S. at 19.

2.    *Petitioner's Objections*

The Magistrate Judge recommends finding that Petitioner did not exhaust his tribal remedies and does not meet any of the exceptions to that requirement. Petitioner has filed objections on this matter is response to both the PFRD and the APFRD. *Docs. 20, 39*. The Court has considered both sets of objections, but will address them together herein.

In his First Objections, Petitioner argues that exhaustion should not be required because there is no statutory requirement to do so. *Doc. 20* at 2-3. However, while the

4

exhaustion requirement arises from precedent based upon comity and not the statute, it is binding on this Court nonetheless.  S*ee Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 856 (1985).  Therefore, the question becomes whether Petitioner has established that he falls within one of the exceptions to that requirement.

The Magistrate Judge analyzed each of Petitioner's First Objections against the permissible exceptions laid out by the Supreme Court.  *Doc. 36* at 8-19.  This Court agrees with his analysis and conclusion that Petitioner does not fall within any exception.

In his Second Objections, Petitioner repeats the argument that a "tribal petition was not an available option."  *Doc. 39* at 4.  Petitioner argues that a habeas petition was not available because (1) he lacked counsel to advise him regarding his habeas rights;[2] (2) Petitioner did not otherwise know about his habeas rights; and (3) Petitioner believed he waived his habeas rights.[3]  *Id.*  Petitioner argues that these facts satisfy one of the limited

---

[2]  Petitioner's objection also briefly mentions that his lack of counsel prevented him from developing a record leading up to his plea and, therefore, prevented him from having a record to appeal based on.  The rules of the Tohono O'odham courts undermine this undeveloped argument.  Rule 18 of the Tohono O'odham Court Rules of Appellate Procedure expressly lays out how to create a record for appeal where one was not created prior.  *See* Tohono O'odham Ct. R. App. P. 18 (allowing appellant to create statement of case and allowing appellee to respond).

[3]  In fact, Petitioner did not waive his right to pursue a tribal habeas petition.  The relevant language of Petitioner's plea agreement states that "defendant specifically waives any right to appeal the judgment and sentence to the Tohono O'odham Judiciary Court or any United States Federal Court."  *See* Doc. 1, Ex. B.  Such language does not expressly waive his right to collaterally attack the conviction or sentence, so it is not sufficient to waive his habeas rights.  *See United States v. Cockerham*, 237 F.3d 1179, 1181-83 (10th Cir. 2001).

exceptions to the requirement of exhaustion – "where exhaustion would be futile because of the lack of an adequate opportunity to challenge the tribal court's jurisdiction." *Id*. at 4-5 (*citing National Farmers*, 471 U.S. at 857 n.21).   However, as explained by the Magistrate Judge, this exception has been construed very narrowly.  *Doc. 36* at 7-8 (analyzing *Texaco, Inc. v. Zah*, 5 F.3d 1374, 1378 (10th Cir. 1993)).   Petitioner does not have a right to counsel to advise him on habeas matters and his lack of familiarity with the possibility of a tribal habeas petition does not mean that he did not have an **opportunity** to challenge the tribal court's jurisdiction.  *See Bishop v. Colorado*, 12 Fed. Appx. 807, 809 (10th Cir. 2001). Moreover, Petitioner does not argue that his counsel in the instant Petition was prevented from filing a tribal habeas action before coming to federal court.

Therefore, the Court adopts the finding that Petitioner did not exhaust his tribal remedies and that he does not meet any exceptions to that requirement.   Thus, the Court adopts the recommendation that the Petition be dismissed for failure to exhaust tribal remedies.

## MOOTNESS

As an independent ground for dismissal, the Magistrate Judge recommends finding the Petition moot given Petitioner's release from custody on the tribal conviction.  I agree with that basis for dismissal and adopt that recommendation as well.

1.    *Law regarding Mootness*

Article III of the United States Constitution limits the jurisdiction of the Federal courts to "cases and controversies".  U.S. Const. Art. III, § 2, cl. 1.  "The case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . .   The parties must continue to have a personal stake in the outcome of the lawsuit."  *Spencer v. Kenna*, 523 U.S. 1, 7 (1998).  Where an individual's incarceration has reached its full term, their personal stake is only established where "some 'collateral consequence of the conviction'" remains.  *Id.* (*quoting Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968)).

2.    *Petitioner's Objections*

Petitioner's first objection is unclear. Citing to *Carafas*, Petitioner makes the conclusory statement that "[o]nce federal jurisdiction has attached in the District Court, pursuant to an application for a Writ of Habeas Corpus, it is not defeated by the release of the petitioner prior to completion of proceedings on such application." *Doc. 39* at 5. However, as held in *Spencer*, a petitioner who is released after filing a habeas application must demonstrate sufficient collateral consequences from the conviction to prevent his petition from becoming moot.  *Spencer*, 523 U.S. at 7.  To the extent that Petitioner argues that jurisdiction at time of filing is sufficient, that objection is overruled.

Petitioner also objects[4] to the proposed finding that "there is no remedy." *Doc. 39* at 8. While this objection is also unclear it may be addressing the Magistrate Judge's conclusion that the only remedy available to Petitioner based on his claims is vacatur of the sentence (as opposed to vacatur of the conviction and sentence). If such is the purpose of the objection, it is entirely insufficient in the face of the analysis of the APFRD. *See doc. 36* at 30-54. Petitioner makes no substantive argument in this objection cites to only one case without analysis.[5] *Doc. 39* at 8. Having reviewed the Magistrate Judge's analysis on the remedy issue, the Court is persuaded that vacatur of his sentence is the maximum remedy Petitioner could have received on the basis of his Petition. Consequently, this objection is overruled.

Petitioner also objects to the proposed finding that Petitioner has not established sufficient collateral consequences to avoid mootness. *Doc. 39* at 5-8. As in his supplemental briefing on the mootness issue, Petitioner's objections point to a number of collateral consequences which will continue to flow from his tribal conviction. *Id.*; *see also docs. 26, 32, 33.* However, as explained by the Magistrate Judge, each of these collateral consequences flow from the existence of Petitioner's **conviction**, not the length of his

---

[4] This is Petitioner's third objection on the mootness issue but it is addressed second here.

[5] In fact, having reviewed the case, *Wounded Knee v. Andera*, 416 F. Supp. 1236 (D.S.D. 1976), the Court does not see the relevance to the issue of the proper remedy in Petitioner's case.

sentence.  As discussed above, the Court has concluded that, even if Petitioner had prevailed on his Petition, the maximum remedy would have been vacatur of the sentence rather than the conviction.  Because that remedy would not remove the conviction, it would not impact any of Petitioner's claimed collateral consequences.  Therefore, because this Court can no longer grant effectual relief on his Petition, it is moot.  *See United States v. Quezada-Enriquez*, 567 F.3d 1228, 1231 (10th Cir. 2009) ("Once it becomes impossible for a court to grant effectual relief, a live controversy does not exist, and a case is moot.") (citation omitted); *see also Green v. Granson*, 108 F.3d 1296, 1300 (10th Cir. 1997) (case is moot where entry of judgment in petitioner's favor would amount to nothing more than a declaration he was wronged).  Consequently, this objection is overruled.

Petitioner's final objection is that the APFRD "incorrectly narrowed Valenzuela's original claims, and found relief warranted only on the sentencing claim."  *Doc. 39* at 8. The title of this objection indicates that it is directed at the Magistrate Judge's conclusion that all of Petitioner's claims which were not based upon the length of his sentence lacked merit as a matter of law.  *See doc. 36* at 30-48.  However, the content of the objection does not remotely address the legal analysis in the APRFD regarding the merits of the other claims.  The objection also does not argue that the Magistrate Judge erred by addressing the merits at this stage.  As such, the objection is entirely insufficient in the face of the analysis of the APFRD.  Moreover, having reviewed the Magistrate Judge's analysis of the merits, this Court agrees with his conclusion as to the merits of Petitioner's claims.

Therefore, this objection is overruled.

Having overruled Petitioner's objections on the issue of mootness, the Court adopts

the recommendation that the Petition be dismissed for mootness.

## CONCLUSION

Petitioner raises various objections to the APFRD concerning his failure to

exhaust tribal remedies and the mootness of his present claims.  As required by 28

U.S.C. § 636(b)(1)(B), those portions of the APFRD to which there are objections have

been reviewed *de novo*.  S*ee Garcia v. City of Albuquerque,* 232 F.3d 760, 766-67 (10th Cir.

2000).  After that review, the Court agrees that with the recommendation that the

Petition be dismissed for failure to exhaust tribal remedies and, alternatively, on

mootness grounds.  Therefore, Petitioner's Objections are overruled and the Petition is

dismissed with prejudice.

**WHEREFORE, IT IS HEREBY ORDERED** that:

(1)  the Objections of Petitioner are OVERRULED;

(2)  the Magistrate Judge's Amended Proposed Findings and Recommended

Disposition is ADOPTED; and

(3) the Petition is DISMISSED with prejudice.

_____

THE HONORABLE M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE

10